IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT BUENTELLO (TDCJ #1161835), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-2537 |
| STATE CLASSIFICATION COMMITTEE MEMBERS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Robert Buentello (TDCJ #1161835) has filed a *pro se* complaint [Doc. # 1] under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement at the Ferguson Unit of the Texas Department of Criminal Justice (collectively, "TDCJ") where he presently resides.  Buentello complains that Sargent Leticia McQueen, Sargent Bryan Lister, Latunja Jones, and unnamed State Classification Committee members have denied him protection from assault by other prison inmates at Ferguson, and thus are violating his Eighth Amendment rights.[1]

---

[1]  He also complains that he was denied adequate medical care by Dr. Betty Williams. Dr. Williams has filed a separate motion for summary judgment [Doc. # 27], which will be addressed in a separate Memorandum and Order.

McQueen, Lister, and Jones ("Defendants") move to dismiss [Doc. # 15] ("Motion") Buentello's complaint [Doc. # 1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  The Court has considered the Motion, Buentello's complaint, his more definite statement [Doc. # 9], his responses [Docs. # 20, # 25] to the Motion, all other pleadings of record, and the applicable law.  The Court grants Defendants' Motion and dismisses Buentello's claims against Defendants and the Classification Committee members for the reasons set forth below.

## I.    FACTUAL BACKGROUND

### A.    Buentello's Allegations

Buentello alleges that he was assaulted by members of the "Tango Blast" gang while he was at the TDCJ Gib Lewis Unit on May 3, 2011, and was transferred to the Ferguson Unit on May 26, 2011.  Doc. # 9, p. 9.  Buentello alleges that there are Tango Blast gang members at the Ferguson Unit also and that other gangs have joined in an alliance to carry out an assault on him.  *Id.* at 13-14.  He alleges that he is a target for assault because he is incarcerated for a sex crime involving a child and because he is a reputed "snitch."  *Id.* at 9-10.  Buentello complains that the State Classification members refused his request for a transfer to another unit.  He also complains that Lister, Jones, and McQueen were deliberately indifferent to his safety because he is housed near Tango Blast gang members, although he has not been

assaulted since his transfer to the Ferguson Unit in May 2011.  *Id.* at 12.

Buentello seeks an injunction transferring him to another unit that is not populated by gang members who want to harm him.

### B. <u>Summary of Defendants' Arguments</u>

Defendants have filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) arguing that Buentello has failed to assert facts showing that they were deliberately indifferent to his safety [Doc. # 15].  They assert that Buentello has failed to allege facts from which it could be inferred that there was a substantial risk to his safety and that they actually drew the inference.  Defendants argue that they have not been deliberately indifferent to Buentello's safety because there is no showing of an excessive risk to his safety.  In support of this argument, they assert that there is no allegation that there has been any attempt to assault Buentello since he arrived at the Ferguson Unit in May 2011.  Defendants contend that Buentello's allegation that he faces an excessive risk of harm is based on pure speculation and is not supported by any facts alleged in his complaint.  Defendants note that Buentello has alleged that a Life Endangerment Investigation was conducted on May 27, 2011, and reached the conclusion that Buentello would not be in danger at the Ferguson Unit [Doc. # 9, p. 16].[2]

---

[2]     Defendants also refer to a previous case filed by Buentello in which he raised similar allegations that prison officials at the TDCJ McConnell Unit failed to protect him
(continued...)

### C.    **Buentello's Response**

In his response [Doc. # 20] to the Motion, Buentello reiterates his claim that he has been targeted because he has been convicted of a child sex crime and is a known informer.  He persists in his belief that there are Tango Blast gang members at Ferguson who want to assault him because of his  reputation.  He also asserts that he is not a gang member which makes him more vulnerable to a gang assault.  However, he does not allege that he has been assaulted or openly threatened since his transfer to the Ferguson Unit.  Moreover, he admits that he has not made any reports of any threats.  *Id.* at 7].

## II.    **MOTION TO DISMISS LEGAL STANDARD**

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and should be granted only if it is evident that the plaintiff cannot prove any set of facts entitling him to relief.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citations omitted).  In determining whether the plaintiff has stated a claim upon which relief can be granted, a reviewing court must accept the well-pleaded facts alleged in

---

[2]      (...continued)
from gang related violence while he was incarcerated at that unit. *See Buentello v. State Classification Committee Members*, Civ. No. C-10-125 (S.D. Tex. Apr. 28, 2011).   Buentello alleged that he was in danger because he was perceived to be a sexual predator who victimized children and that TDCJ officials conspired against him by refusing his requests to be transferred to another unit. *Id.*  That case was dismissed after the court granted the defendants' motion for summary judgment. *Id.*

4

the complaint as true and construe the allegations in the light most favorable to the plaintiff. *Id.*  It is well established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009).  At the same time, however, a plaintiff "must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).  Therefore, a reviewing court must determine whether the complaint provides "enough facts to state a claim to relief that is plausible on its face." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)  (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570  (2007)).  A compliant is insufficient if it merely contains "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  *Id.*

## III.   DISCUSSION

### A.   Failure to Protect

#### 1.   Legal Standard

Buentello's claims are governed by 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Thus, to state a claim under § 1983, a plaintiff must show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law. *See Atteberry v. Nacona General Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)). Liberally construed, Buentello's complaint in this case attempts to allege that TDCJ officials failed to protect him from prison gang members who want to assault him.

Defendants seek a Rule 12(b)(6) dismissal of Buentello's failure to protect claim on the grounds that he has failed to allege any constitutional violation. It is well established that prison officials have a duty under the Constitution's Eighth Amendment to protect prisoners from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). Under *Farmer*, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quoting

*Farmer*, 511 U.S. at 834). He must also show that Defendants were deliberately indifferent to his safety. *Id.* To prove "deliberate indifference," a plaintiff must show that the defendant was aware of a risk of an assault that would endanger his health and that the defendant knowingly disregarded that risk. *Id.* "[N]egligence is insufficient to support a finding of liability." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir.2003) (citing *Farmer*, at 511 U.S. at 835).

### 2.    No "Substantial Risk of Harm" Alleged

The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013); *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999) ("We recognize at the outset that neither prison officials nor municipalities can absolutely guarantee the safety of their prisoners."). *See also Youngberg v. Romeo,* 457 U.S. 307, 320-21 (1982) (recognizing that inmates of mental institutions are entitled to more considerate treatment but also acknowledging that institutions cannot protect inmates from all danger). While an inmate does not need to wait until he is actually assaulted before he can obtain relief, he must present facts which show that an attack is highly probable constituting a substantial risk of harm. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Brown v. Budz,* 398 F.3d

904, 911 (7th Cir. 2005).[3]   Routinely providing an aggressive inmate or inmates unsupervised access to a target inmate may constitute a violation if it is known that an assault would be likely to occur. *Brown,* 398 F.3d at 911.   However, the substantial risk and need for protection must be obvious to the custodial officials in order to trigger the inmate's Eighth Amendment rights, *Adames*, 331 F.3d at 512.   There are no guarantees of safety and prison officials are not required to guarantee that no attack ever will occur. *Id.*; *see generally Newton*, 133 F.3d at 308; *Labatad*, 714 F.3d at 1160.

Buentello alleges that Defendants McQueen, Lister, and Jones[4] have failed to protect him from gang members who want to attack him because of his reputation and criminal record.   As a prisoner, Buentello has a right to be protected from other inmates who threaten to attack him. *Longoria*, 473 F.3d at 592.   Prison officials violate that right if they knowingly expose him to a substantial risk of serious harm. *Adames v. Perez*, 331 F.3d at 512.   The officials are not deliberately indifferent to an inmate's health or safety, however, if they do have notice of a *particular* threat of harm to the plaintiff. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

---

[3]     An example is where an inmate is celled with an inmate with a known propensity to assault inmates with a record or reputation held by the plaintiff. *Brown,* 398 F.3d at 911-12.

[4]     Buentello also asserts this claim against the State Classification Committee members.

Buentello has asserted that he is a convicted child molester and a reputed informant.  He alleges that he was transferred to the Gib Lewis Unit after filing a federal civil rights complaint alleging that he was in danger at the McConnell Unit. He also states that at the Gib Lewis Unit he was attacked and seriously injured by gang members on May 3, 2011.  He further alleges that he is now housed near members of the Tango Blast gang and that other gangs also have targeted him. Construing the allegations in the pleadings in the light most favorable to Buentello, his pleadings contain allegations of only unsubstantiated fears of future harm.  His allegations do not establish that he is facing a substantial threat of harm.  There are no allegations that in fact he has been attacked since he was transferred to the Ferguson Unit two years ago, in May 2011, or that he has been threatened overtly with physical attack.  Given his personal history, Buentello may well fear that he will be assaulted again.  Nevertheless, his generalized fear is insufficient to establish an actionable "substantial risk of harm" for legal purposes.  *See Labatad*, 714 F.3d at 1160 (allowing members of rival gangs to be housed together is not a *per se* violation of the Eighth Amendment).[5]

---

[5]    Indeed, there is no basis to conclude that transferring Buentello to another unit will solve his problem as a practical matter.  Further, the courts defer to prison officials' expertise and discretion in determining where to assign inmates in their facilities.  *See Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).  *See also Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996) (prison inmates do not have a federal (continued...)

### 3.    No Allegations to Establish "Deliberate Indifference"

Buentello has not pleaded facts sufficient to establish that Defendants have been deliberately indifferent to the risks of injury to him from other inmates, the other element of his failure to protect claim.  "To establish deliberate indifference, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837).

Buentello admits in a second response [Doc. # 25] to the Motion that he has not reported any threats to Defendants.  *Id.* at 25.  While an inmate does not have to explicitly notify a custodial official of his need for protection if the risk of attack may be inferred from the circumstances, *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004); *Adames*, 331 F.3d at 512, the inmate must allege facts showing that the risk is so obvious that the official must know about it.  *Johnson*, 385 F.3d at 524.  Here, Buentello has not made factual allegations that state a claim on which relief can be granted.  He has not alleged he has suffered any attack or specific threats since he

---

[5]      (...continued)
        constitutional right to be assigned or transferred to a particular facility).  Prison
        officials are not required to guarantee that any prison will be free of potential
        assailants or rival gang members.  *See Mayoral v. Sheahan,* 245 F.3d 934, 939 (7th
        Cir. 2001) (acknowledging pervasive presence of gangs and the burdens placed on
        prison officials in segregating members).

arrived at the Ferguson Unit. Buenello's vague fear that there are unidentified gang members who wish to do him harm does not meet his pleading burden.  In sum, his allegations are insufficient to put Defendants on notice that he is in imminent danger of attack. *Davis v. Scott*, 94 F.3d 444, 446-47 (8th Cir. 1996); *Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996) (plaintiff's fears that he would be attacked by other inmates, who were gang members at the plaintiff's unit of incarceration, did not establish a violation of plaintiff's rights where no attack occurred).

Having failed to allege facts adequate to support either element of a claim of failure to protect under the Eighth Amendment and 42 U.S.C. § 1983, Buentello fails to state a claim upon which relief may be granted against McQueen, Lister, and Jones.

Because Buenello's claims against Defendants are the same as those he asserts against unnamed members of State Classification Committee, this ruling governs Buenello's claims against them as well.  *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).  Those claims will be dismissed.

## IV.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    Defendants' Motion to Dismiss [Doc. # 15] the failure to protect claims
      against them is **GRANTED**.

2.    Buentello's failure to protect claim is **DISMISSED** in its entirety and
Defendants  McQueen,  Lister,  Jones,  and  the  Classification  Committee  are

**DISMISSED with prejudice** from this action.

       3.     Defendants' motion to stay deadlines [Doc. # 16] is **GRANTED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>July 10</u>, 2013.

Nancy F. Atlas
United States District Judge